**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50205 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04543-WQH |
| v. | |
| JUAN RODRIGUEZ-GONZALEZ, a.k.a. Juan Flores Rodriguez, a.k.a. Juan Manuel Rodriguez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Juan Rodriguez-Gonzalez appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Rodriguez-Gonzalez contends that the district court procedurally erred by failing to appreciate its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to vary downward from the Guideline range on policy grounds. The record reflects that the court considered Rodriguez-Gonzalez's policy-based arguments and declined to exercise its discretion to vary from the Guidelines. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011).

Rodriguez-Gonzalez also contends that his sentence is substantively unreasonable because this is his first immigration conviction. He argues that the district court gave too much weight to his criminal history, which was already factored into the Guideline range, and did not give sufficient consideration to the need to avoid unwarranted sentencing disparities, the nature and circumstances of the offense, and the fact that he had not previously spent more than a year in jail. The district court did not abuse its discretion in imposing Rodriguez-Gonzalez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 37-month sentence at the bottom of the Guidelines range is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodriguez-Gonzalez's criminal and immigration history. *See id.*

**AFFIRMED.**